(April 9, 1980)

■ In the Matter of FRANK KIEPURA, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, THIRD JUDICIAL DEPARTMENT, Petitioner.— Respondent was admitted to the Bar by this court on July 8, 1969. Petitioner moves to confirm in part and to disaffirm in part the report of the Judge to whom the issues were referred. Respondent opposes the motion and requests that findings favorable to him be confirmed and that certain of those which are unfavorable be disaffirmed. The petition contains nine charges of professional misconduct. The Hearing Judge sustained eight of the charges, finding that respondent temporarily converted funds belonging to the estate of Joseph A. Gill (Charge No. 1); temporarily converted funds belonging to his client, Joseph J. Gill (Charge No. 2); exercised an expired power of attorney (Charge No. 3); neglected the estate of Joseph A. Gill (Charge No. 5); took fees and commissions from the Gill estate without the approval of the Surrogate (Charge No. 6); neglected a divorce proceeding (Charge No. 7); neglected a Family Court matter (Charge No. 8); and failed to co-operate with petitioner in its investigation of inquiries involving his professional conduct (Charge No. 9). Respondent does not challenge the findings with respect to Charges Nos. 6 through 9. As to the remaining charges, we determine that the record supports the findings of the Hearing Judge. Accordingly, petitioner's motion to confirm the report is granted. The Hearing Judge refused to sustain the charge that respondent commingled his personal funds with those of the account of the estate of Joseph A. Gill. We find that there is evidence in the record to support this charge. Therefore, we disaffirm the report of the Hearing Judge and substitute our finding that respondent is guilty of commingling. In determining the sanction to be imposed for respondent's misconduct, we note in mitigation the finding of the Hearing Judge that respondent has made full restitution to Joseph J. Gill, the son and sole beneficiary of the estate of Joseph A. Gill, and received a release. We also note the findings that respondent was a chronic alcoholic during the period of his misconduct and that, since January, 1979, he has made a sincere effort to rehabilitate himself, abstaining from the consumption of alcoholic beverages and undergoing medical treatment, therapy and counseling. Under all the circumstances, we conclude that respondent should be suspended from the practice of law for a period of two years and thereafter until further order of the court. Respondent suspended for a period of two years, the date of commencement to be fixed in the order to be entered hereon. Mahoney, P. J., Sweeney, Kane, Staley, Jr., and Casey, JJ., concur.