In the Matter of DAVID JOHN DEAN, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.

Second Department, May 22, 1989

APPEARANCES OF COUNSEL

*Frank A. Finnerty, Jr. (Anne L. Powers* of counsel), for petitioner.

*Gustav H. Newman* for respondent.

### OPINION OF THE COURT

Per Curiam.

The respondent was admitted to practice as an attorney by this court on April 5, 1962. In this proceeding the Special Referee sustained 14 charges of professional misconduct. The petitioner moves to confirm the report of the Special Referee and the respondent cross-moves for the same relief and for the imposition of a penalty of suspension for one year.

The 14 charges of professional misconduct consisted of 6 allegations of engaging in conduct involving deceit, dishonesty, fraud and misrepresentation in the conversion of clients' funds, 6 allegations of failing to file or fraudulently filing retainer and/or closing statements, and 2 allegations of engaging in conduct involving deceit, dishonesty, and fraud by endorsing settlement checks without clients' permission.

Generally stated, the respondent would settle a personal injury action, receive and deposit the insurance settlement checks within a few days after the settlement, and then fail to promptly disburse the moneys due to the clients. On two specific occasions the respondent signed or caused to be signed his client's name on a settlement check without the client's knowledge or consent. On numerous other occasions, with client escrow obligations unfulfilled, the respondent's escrow account balance was not sufficient to meet the outstanding escrow obligations.

The respondent also, *inter alia,* falsely reported the dates of the receipt and disbursal of clients' moneys in closing statements filed with the Office of Court Administration to make it appear that there had been no delay in the disbursal of the funds.

After reviewing all of the evidence, we are in agreement with the report of the Special Referee. The respondent is guilty of the misconduct outlined above. The petitioner's motion to confirm the report of the Special Referee is granted and the respondent's cross motion is granted to the extent that it seeks to confirm the findings of the Special Referee and is otherwise denied.

In determining an appropriate measure of discipline to be imposed, the court is mindful of respondent's laudable representation of Vietnam veterans in the "Agent Orange" litigation, as well as the many personal problems experienced by the respondent at the time of the misconduct. However, in light of the respondent's admissions that on no less than six

occasions he utilized escrow moneys for his own use and benefit without the knowledge or consent of his clients, and that it was a practice in his office to utilize escrow funds for the current needs of the law practice, we find the respondent guilty of serious professional misconduct. Accordingly, the respondent is disbarred and his name is stricken from the roll of attorneys and counselors-at-law, effective immediately.

MOLLEN, P. J., MANGANO, THOMPSON, BRACKEN and LAWRENCE, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted; and it is further,

Ordered that the respondent's cross motion to confirm the report of the Special Referee is granted to the extent that it seeks to confirm the findings of the Special Referee and is otherwise denied; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent David John Dean is disbarred and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent shall promptly comply with this court's rules governing the conduct of disbarred, suspended and resigned attorneys (22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent David John Dean is commanded to desist and refrain (1) from practicing law in any form, either as principal or agent, clerk or employee of another, (2) from appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, (3) from giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) from holding himself out in any way as an attorney and counselor-at-law.