THIRD DEPARTMENT, MAY, 1990

(May 1, 1990)

In the Matter of EDWARD R. PURSER, an Attorney, Re-

spondent. COMMITTEE ON PROFESSIONAL STANDARDS, THIRD JUDICIAL DEPARTMENT, Petitioner.—Per Curiam. Respondent is an attorney admitted to practice by this court in 1963. In 1970, after practicing law in the City of Buffalo, he moved to the City of Cortland, where he was employed as an Assistant District Attorney for Cortland County from 1970 to 1976. From 1976 to 1979, respondent served as acting Cortland City Court Judge and from 1983 to 1984, he was the Cortland County Attorney. From the time of his return to Cortland, respondent has also maintained a private law practice.

The instant proceeding to discipline respondent involves four charges of professional misconduct arising out of his representation of the estate of Christine Faraoni. Following a hearing, the Referee issued a report sustaining all four charges. Petitioner has moved for an order confirming the Referee's report while respondent has moved for an order confirming in part and disaffirming in part the Referee's report.

Charge I alleges that respondent violated Disciplinary Rule 6-101 (A) (3) of the Code of Professional Responsibility by neglecting the Faraoni estate. More particularly, specification 1 alleges that in November 1976, respondent was retained to represent the estate and letters testamentary were issued in March 1977 to Faraoni's daughter (hereinafter the executrix). In June 1981, respondent represented the estate in the sale of some real property located in the City of Cortland, which resulted in a mortgage being given by the purchaser to the estate. In May 1984, upon the resale of the property, the mortgage was satisfied by the payment of $44,000. Respondent deposited these funds in his attorney escrow account without advising the executrix. Specification 2 alleges that respondent neglected to proceed with the settlement of the estate despite repeated requests by the executrix and her personal attorney to do so.

Charge II asserts that respondent violated Disciplinary Rule 9-102 (A) and (B) by converting funds belonging to the Faraoni estate. Specification 1 avers that on May 16, 1984, respondent deposited the above-mentioned $44,000 on behalf of the Faraoni estate in his attorney escrow account. From that date until January 1986, when respondent disbursed $40,000 of these funds to the estate, the account balance on repeated occasions fell below the amount he was required to maintain on behalf of the estate. Specification 2 avers that from January 6, 1986 to June 10, 1987, the latter being the date

respondent disbursed the remaining $4,000 to the estate, the balance in his attorney escrow account repeatedly fell below the amount he was required to maintain on behalf of the estate.

Charge III alleges that respondent violated section 806.18 of the rules of this court (22 NYCRR) buy his failure to maintain required records for his attorney escrow account. Specification 1 charges that from May 1984 until June 1987, respondent failed to maintain any records of the deposits to and withdrawals from his attorney escrow account regarding the Faraoni estate funds.

Finally, charge IV alleges that respondent violated Disciplinary Rule 1-102 (A) (5) and (6) by his failure to cooperate with petitioner in its investigation of the inquiry filed against him in the instant matter.

We conclude that the record supports the findings of the Referee in sustaining all four of the above charges. Indeed, respondent has admitted his guilt to charges II and III and to specifications 1 and 2 of charge IV.

As to charge I, respondent denies that he neglected the Faraoni estate and that he failed to inform the executrix of his receipt of $44,000 on behalf of the estate and of his deposit of this sum to his attorney escrow account. This denial is, however, belied by the testimony and actions of the executrix who became so frustrated at respondent's delay in settling the estate and at his failure to communicate with her about the estate's finances that she retained independent counsel to compel respondent to settle the estate. Said counsel also testified before the Referee concerning his repeated telephone calls and letters to respondent over a period of almost three years, urging respondent to proceed with the settlement of the estate, demanding an accounting and threatening respondent with sanctions if he did not do so. We find this testimony more than sufficient to support the Referee's determination sustaining charge I.

As to charge IV, specification 3, the only other allegation disputed by respondent, it alleges that respondent failed to produce all of the documents demanded in a subpoena duces tecum issued by this court in connection with petitioner's investigation. Respondent's contention that he supplied "all the records that were available to him" is unavailing, given his repeated failure to take the few steps necessary to obtain the additional documents.

In mitigation of these charges of misconduct, respondent

submits that during the time period in question, he was the sole support of his widowed mother whose deteriorating health and mounting medical bills caused him considerable financial hardship, a situation compounded in 1984 by the loss of his position as Cortland County Attorney. Also during this time period, respondent began to drink excessively, a practice he did not discontinue until the end of 1985 or the beginning of 1986. In addition, respondent points to the testimony of seven fellow attorneys in his community who testified before the Referee regarding their knowledge of his reputation for integrity and honesty. Finally, it is noted that respondent repaid the funds in question to the estate, with interest, and that he relinquished the balance of his legal fee and disbursements.

The charges of misconduct sustained by the Referee and this court are most serious, particularly the charge involving the conversion of client funds. We are at the same time mindful of the personal pressures and problems endured by respondent during the time the acts of misconduct occurred, his reputation for honesty and integrity in the community, his years of public service, and the fact that the incident which resulted in those charges appears to have been an isolated one. Hence, while we forebear to impose the sanction of disbarment (cf., *Matter of Dean,* 147 AD2d 133; *Matter of Schmidt,* 145 AD2d 103), we find that the serious nature of the misconduct here mandates a period of suspension. Accordingly, the sanction of suspension for two years is hereby imposed (see, *Matter of Kiepura,* 75 AD2d 664).

Referee's report confirmed; respondent suspended from the practice of law for a period of two years and until further order of this court, the date of commencement to be fixed in the order entered hereon. Mahoney, P. J., Kane, Casey, Mercure and Harvey, JJ., concur.